UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-7931-DMG (PVCx)** | Date | March 2, 2023 |
|---|---|---|---|

| Title | ***Brian Keister v. Lhoist North America of Arizona, Inc.*** | Page | 1 of 5 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE PLAINTIFF BRIAN KEISTER'S MOTION TO REMAND [10]**

Before the Court is Plaintiff Keister's motion to remand ("MTR").  [Doc. # 10.]  The motion is fully briefed.  [Doc. ## 15 ("Opp."), 16 ("Reply").]  For the reasons discussed below, the Court **DENIES** Keister's motion to remand and request for attorneys' fees.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

On September 12, 2022, Plaintiff Brian Keister filed a Complaint against Defendant Lhoist North America of Arizona, Inc. ("Lhoist") in Los Angeles County Superior Court.  Ntc. of Removal, Ex. A ("Complaint") [Doc. # 1-1].  Keister, a former employee of Lhoist, alleges various employment and disability discrimination claims relating to his termination from the company after he renewed his intermittent medical leave due to a hernia in his chest which caused him breathing problems.  Compl. ¶ 12.

The Complaint states that the amount demanded is "over $25,000.00."  Compl. at 6.[1] Keister seeks compensatory damages including, but not limited to, past and future economic and non-economic damages, declaratory and injunctive relief, including reinstatement, reasonable attorneys' fees, cost of suit, exemplary and punitive damages, and any other relief the court considers proper.  *Id*. at 29–30 (Prayer for Relief).

On October 31, 2022, Lhoist filed a Notice of Removal to this Court on the basis of diversity jurisdiction.  Ntc. of Removal [Doc. # 1.].

On November 30, 2022, Keister filed a motion to remand this case to state court.  [Doc. # 10.]

---

[1] All page citations herein refer to those inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-7931-DMG (PVCx)** | Date | March 2, 2023 |
|---|---|---|---|

| Title | ***Brian Keister v. Lhoist North America of Arizona, Inc.*** | | Page | 2 of 5 |
|---|---|---|---|---|

## II.
## LEGAL STANDARD

Under 28 U.S.C. section 1332, a district court has jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties.  A civil action brought in a state court over which a federal district court has original jurisdiction may be removed by the defendants to a district court where such an action could have been brought.  28 U.S.C. § 1441.

The notice of removal of a civil action must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based.  28 U.S.C. § 1446(b)(1).  The 30-day period to remove a case commences with formal service on the defendant.  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  Whether service has been properly effected is determined by the relevant state provisions for service and filing of the complaint and summons. *Id*.  Failure to remove an action within 30 days waives a party's right to remove.  *Cantrell v. Great Republic, Inc.*, 873 F.2d 1249, 1256 (9th Cir. 1989).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts.")  "Federal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (internal citation omitted) (emphasis added).

The Supreme Court has drawn a distinction between original jurisdiction and removal jurisdiction:

> [I]n cases brought in the federal court . . . [i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal. . . .  A different situation is presented in the case of a suit instituted in a state court and thence removed.  There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–90 (1938).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-7931-DMG (PVCx)** | | Date | March 2, 2023 |
|---|---|---|---|---|

| Title | ***Brian Keister v. Lhoist North America of Arizona, Inc.*** | Page | 3 of 5 |
|---|---|---|---|

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal citation and quotation marks omitted).

"If it is *unclear* what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction." *Id*. at 566–67 (emphasis in original). In cases where a complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing by a preponderance of the evidence that it is "more likely than not" that the amount in controversy is greater than $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). "Removal cannot be based simply upon conclusory allegations where the [complaint] is silent" as to the amount of damages." *Id*. "The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). "To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Id*. (internal citation omitted).

### III.
### DISCUSSION

Plaintiff argues that remand is appropriate because (1) Defendant's notice of removal was not properly served; and (2) Defendant does not prove by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum of $75,000. MTR at 9.

### A.      Notice

Promptly after filing the notice of removal of a civil action, the defendant "shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court . . . ." 28 U.S.C. § 1446(d).

Keister contends that Lhoist failed to ever serve its notice of removal upon him. MTR at 14. Keister also contends that the removal was improper because he "only became aware of [it] upon receipt of service of other documents from this Court's online service." *Id*. In its Notice of Removal, Lhoist did not include any allegations regarding service on Keister. Neither in its Notice of Removal nor in its Opposition brief did it attach any proof of service or other evidence to support its claim that it mailed a courtesy copy of the Notice as it claims. Opp. at 4. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-7931-DMG (PVCx)** | Date | March 2, 2023 |
|---|---|---|---|

| Title | ***Brian Keister v. Lhoist North America of Arizona, Inc.*** | Page | 4 of 5 |
|---|---|---|---|

CM/ECF system reflects, however, that the Notice of Removal was sent to Keister's counsel on November 1, 2022.  The federal rules expressly state that service may be done by "sending [a filing] to a registered user by filing it with the court's electronic-filing system."  Fed. R. Civ. P. 5(b)(E).

Even if Keister had not been properly served, procedural defects in removal that are later cured—such as notice—do not require remand.  *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 970 (9th Cir. 2022); Opp. at 4–5.  Thus, Keister's argument is without merit.

**B.      Amount in Controversy**

The amount in controversy is not clear from the face of the Complaint.  Lhoist, therefore, bears the burden of showing by a preponderance of the evidence that it is "more likely than not" that the amount in controversy is over $75,000.  *Guglielmino*, 506 F.3d at 698.

Lhoist submits the following evidence in support of its contention that the amount in controversy exceeds $75,000:  (1) Plaintiff received $27.05 an hour; and (2) Plaintiff worked 40 hours per week.  Opp. at 6–7; *see also* Decl. of Darin Wilson ISO Ntc. of Removal ¶ 7 [Doc. # 1-2 ("Wilson Decl.")].  If this action proceeds to trial on the current schedule, 113 weeks will have passed since Keister's termination.  *Id*.  Given that Keister was terminated on January 12, 2022, Lhoist calculates that the amount in controversy relating to economic damages alone is approximately $122,040 to date.  *Id*. at 6.  Lhoist contends that Keister's asserted wage loss alone will exceed $75,000 by the planned trial date.  *Id*.  This action was removed on October 31, 2022.  Even if the Court declines to project future wage loss until a hypothetical trial date, it is nonetheless reasonable to expect these damages to exceed $45,444.  MTR at 17.

Keister also seeks to recover emotional distress damages, reasonable attorney's fees, cost of suit, exemplary and punitive damages according to proof, and any other relief the court considers proper.  *See Simmons*, 209 F. Supp. 2d at 1031; *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("a reasonable estimate of [attorney's] fees likely to be recovered may be used in calculating the amount in controversy").  Lhoist cites to cases in which emotional distress damages, punitive damages, and exemplary damages exceed $75,000 in cases involving employment discrimination.  *See* Opp. at 8–9.

Keister submitted no evidence that his claims put less than $75,000 at issue.  He does not dispute Lhoist's calculations of his estimated compensatory damages at issue are at minimum $45,444.  MTR at 17.  He argues, however, that Defendants have made little effort to analogize

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-7931-DMG (PVCx)** | Date | March 2, 2023 |
|---|---|---|---|

| Title | ***Brian Keister v. Lhoist North America of Arizona, Inc.*** | Page | 5 of 5 |
|---|---|---|---|

the particular facts of the cases they cite regarding punitive and emotional distress damages with this one. *Id.*

Keister's attempt to undermine the relevance of Lhoist's cited authority cannot obscure the fact that his pleadings and Lhoist's evidence make it more likely than not that his case puts more than $75,000 in controversy if he recovers either punitive or emotional distress damages, plus attorneys' fees. *See* Compl. at 29–30 (Prayer for Relief); Opp. at 9–10; *cf. Simmons*, 209 F. Supp. 2d at 1031 (concluding defendant had shown "the potential for large punitive damage awards" in an employment discrimination case, even though the cases cited involved distinguishable facts).

In short, Lhoist has met its burden to show by a preponderance of the evidence that the amount-in-controversy exceeds $75,000, and thus removal is proper.

**IV.**
**CONCLUSION**

In light of the foregoing, Plaintiff's motion to remand and for attorneys' fees is **DENIED**.

**IT IS SO ORDERED**.